Pee Curiam.
The plaintiff’s action was upon contract. The defendants made an offer of judgment for plaintiff in a certain amount. On the trial the plaintiff recovered no more than that amount. The costs of plaintiff up to the offer were taxed. The subsequent costs were taxed for defendants. The defendants moved that the clerk be directed to enter a judgment, which should provide that the defendants recover their costs as taxed. This motion was denied. The clerk entered judgment for plaintiff, which after reciting the proceedings, gave a recovery in a single amount, "which was the result of deducting the defendants’ costs as taxed, from the amount of the plaintiff’s recovery and costs.'
It is objected that the defendants’ costs as taxed, could not be offset by a part of the debt due to plaintiff, because the defendants’ costs, it is said, were the property of their attorney. The answer to this is that primarily the costs was a debt due by plaintiff to defendant. The attorney could only have an interest in them, after the defendants’ right to them was established and as soon as this debt existed, the equity that is the ground of set-off was applicable, and on its being applied there was nothing on which the attorney could have a lien or which could become his property.
The cases cited for a contrary position, are those where costs being recovered in a different proceeding, the attorney’s right accrued before the set-off could be claimed.
The order appealed from should be affirmed with $10 costs.
The appeal from the judgment involves the same point only. The judgment should be affirmed with costs.